982 F.2d 527
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lyndale WALKER, Appellant,
v.
Aubrey BRADBERRY, Assistant Warden, Cummins Unit, ADC; sued
as A. Bradberry; Donald W. Tate, Captain, Cummins Unit,
ADC; sued as D. W. Tate; Rughe, Captain, Cummins Unit,
ADC; Selvy, Mr., Assistant Classification Officer, Cummins
Unit, ADC; Freddie Walls, Treatment Coordinator, Cummins
Unit, ADC; sued as Freddy Walls, Appellees.
 No. 92-2486.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 11, 1992.
Filed: November 20, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lyndale Walker, an inmate in the Cummins Unit of the Arkansas Department of Corrections (ADC), brought this 42 U.S.C. § 1983 action against several ADC officials asserting they violated his Eighth Amendment right to be free from attacks by fellow inmates when they denied him protective custody. Walker sought an injunction placing him in protective custody and a temporary restraining order prohibiting the officials from placing him in the prison's general population. Walker also sought damages. In his verified complaint, Walker states he requested protective custody on October 23, 1991. He asserts that two weeks later, the officials denied his request, despite threats on his life by three inmates because of debts and an isolated assault by a punitive isolation cellmate who did not want to share a cell with him. Walker asserts the officials ignored his request for protective custody knowing there is a specific risk of harm.
 
 
 2
 On the officials' motion for summary judgment, the magistrate judge decided they had not been deliberately indifferent to Walker's right to be free from attacks by his fellow inmates. The district court adopted the magistrate judge's report and granted summary judgment to the officials. Walker appeals, and we affirm.
 
 
 3
 The Eighth Amendment is violated when prison officials are deliberately indifferent to a prisoner's right to be free from attacks by fellow prisoners. See Falls v. Nesbitt, 966 F.2d 375, 377-78 (8th Cir. 1992). Deliberate indifference exists when a prisoner's right is intentionally deprived or recklessly disregarded. Id. at 378. A right is recklessly disregarded when a prisoner is exposed to a pervasive risk of harm and prison officials fail to respond reasonably to the risk. Id. A pervasive risk of harm requires evidence of frequent violence that puts a prisoner in reasonable fear for the prisoner's safety. Id. A single incident of violence is insufficient to establish a pervasive risk of harm. Id.
 
 
 4
 Here, Walker asserts he was attacked only once. In addition, two of the three inmates who threatened Walker because of debts live in different buildings at the ADC and the other inmate lives in a different prison. Under these circumstances, we conclude Walker failed to show a pervasive risk of harm existed. Having reviewed the issue de novo, we conclude the district court properly granted summary judgment in favor of the officials.
 
 
 5
 Walker's other arguments are without merit. Accordingly, we affirm.